**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

In Re: LAWRENCE N. PETRICCA, SR.

           Debtor.

Bankruptcy Case No. 9:08-bk-16204-JPH

_____

ARA ERESIAN, JR.,

           Appellant,

vs.

Case No. 2:12-cv-232-FtM-99

DIANE L. JENSEN,

           Appellee.

_____

## <u>ORDER</u>

On April 26, 2012, the Clerk opened this appeal by filing pro se appellant's Notice of Appeal, a copy of the Order of the Bankruptcy Court being appealed, and a copy of the bankruptcy docket sheet. Thereafter, the Clerk entered a Notice advising the parties of Rule 8009 of the Federal Rules of Bankruptcy Procedure, which provides:

> (1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007.
> (2) The appellee shall serve and file a brief within 14 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.
> (3) The appellant may serve and file a reply brief within 14 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 14 days after service of the reply brief of the appellant. No further briefs may be filed except with leave of the district court . . . .

Fed. R. Bankr. P. 8009. The file reflects that a copy of this Notice was sent to appellant Ara

Eresian the same day. When nearly four months had passed with no filings from appellant,[1] on August 16, 2012 this Court issued an Order (Doc. 5) directing appellant Ara Eresian to show cause as to why he failed to file his appellate brief as required by this Court's prior Notice (Doc. 2) and the Bankruptcy Rules.  In response to that Order, appellant stated that he cannot move forward with his appeal because the Clerk of the Bankruptcy Court "has yet to assemble and certify the record on appeal to this Court . . . ."  (Doc. 7 at 1-2.)

> Rule 8006 of the Federal Rules of Bankruptcy Procedure states:
>
> Within 14 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006.[2]  In this case, appellant filed his notice of appeal on January 12, 2012.  (Doc. 1-3 at 39.)  His designation was due to be filed on January 26, 2012, but the record does not indicate any such filing.  (See Doc. 1 at 2 & Doc. 1-3 at 39-44).  Thus, it appears that the Bankruptcy Clerk's inability to certify the record on appeal is due to appellant's failure to designate such a record.

---

[1] On June 1, 2012, Frederick Hutchings, identifying himself as a "Party-in-Interest" and "Creditor,"  filed a Motion to Dismiss. Appellant did not respond to that motion either.

[2] Eresian was informed of this rule on at least one prior occasion by the Fort Myers Division of this Court which noted there was no record designated on appeal in that case pursuant to Rule 8006 and cautioned Eresian that a designated record was necessary for review. (In re Petricca, No. 2:11-cv-00493 (M.D. Fla. Sept. 21, 2011)(Order to Show Cause)). Eresian acknowledged Rule 8006 and its requirements in his own Verified Response to the court's Order to Show Cause in the above case when he claimed he had properly designated that record but alleged the Clerk's office must have mishandled the documents. He therefore knew or should have known of the proper procedure for designation under the Bankruptcy Rules.

Rule 8001 of the Federal Rules of Bankruptcy Procedure states that the "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a). If the court determines that dismissal of the appeal is appropriate, the court "should 'explain why it is in the interest of justice to dismiss rather than to proceed to the merits.'" English-Speaking Union, 353 F.3d at 1022.  In the Eleventh Circuit, courts may dismiss a bankruptcy appeal "where there is a showing of bad faith, negligence, or indifference." Clements v. White, 2012 WL 2064528, at *4 (S.D. Ala. June 6, 2012) (citing In re Beverly Mfg., 778 F.2d 666, 667 (11th Cir. 1985)).  Generally, before dismissing such an appeal, courts "should . . . 'provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct.'" Clements, 2012 WL 2064528, at *4 (citing English-Speaking Union v. Johnson, 353 F.3d 1013, 1022 (D.C. Cir. 2004)). Nevertheless, dismissal will be warranted "'in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal.'" Clements, 2012 WL 2064582, at *4 (citing In re Cesar Quevedo, 35 F.R. 117 (Bkrtcy. D.P.R. 1983)).

In this case, appellant has demonstrated consistently dilatory conduct, showing at least indifference, if not negligence, with regard to his bankruptcy appeals.  The Court recognizes the preference for allowing a party to explain its conduct prior to its case being dismissed, see English-Speaking Union, 353 F.3d at 1022; however, such an accommodation is not appropriate here.  Appellant knew both from Rule 8006 and from the Bankruptcy Court's January 12, 2012 docket entry (Doc. 1-3 at 39) that he had until January 26, 2012 to file his designation, yet he failed to do so.  Indeed, "'[t]he burden of

providing the district court with an adequate record on appeal from the bankruptcy court is on the appellant.'" Clements, 2012 WL 2064528, at *3 (citing In re Winters, 1994 WL 397939, *4 (N.D. Ill. July 15, 1994)).

Moreover, appellant has established a pattern of failing to prosecute his bankruptcy appeals. For example, appellant has appealed at least two other Orders of the Bankruptcy Court in the underlying bankruptcy case. Eresian v. Petricca (Eresian I), Case No. 2:09-cv-690-UA (M.D. Fla. Oct. 20, 2009); Eresian v. Hutchings (Eresian II), Case No. 2:11-cv-493-FtM-29 (M.D. Fla. Aug. 30, 2011[3]). Both appeals were dismissed for failure to prosecute, although the Court in Eresian II eventually reopened the case. (Case. No. 2:09-cv-690-UA, Doc. 20.) However, on February 1, 2012, the court gave appellant until February 15, 2012 to file a reply to the appellee's response. (Id., Doc. 55.) To date, appellant has not responded to that Order, and that case has been stayed. (See id.).

Having previously been before the Court in other matters, appellant knew or should have known how to properly commence and proceed with litigation, and appellant's history of frivolous filings and failure in this case to file a proper designation leads the Court to conclude that appellant is at least indifferent, if not negligent, with regard to his appeals. Therefore, this appeal is due to be dismissed for failure to prosecute. See In re Beverly Mfg., 778 F.2d 666, 667 (11th Cir. 1985).

It is hereby

---

[3] In Eresian II, debtor Petricca filed an Amended Notice of Pendency of Other Actions, listing numerous appeals from various other jurisdictions that debtor claims were filed either by appellant or his agents. (Case No. 2:11-cv-493-FtM-29, Doc. 12 at 2-4.) Debtor maintains that many of these cases were also dismissed, though the reasons for the dismissals is not certain. (Id.)

**ORDERED**

The Motion of Frederick Hutchings to Dismiss the Appeal of Ara Eresian, Jr. (Doc. 4) is moot.[4]  This appeal is **DISMISSED** for failure to prosecute.  The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of January, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

krk.

Copies to:

Bankruptcy Clerk of Court

counsel of record

pro se parties

---

[4] Frederick Hutchings filed his Motion as a "Party-in-Interest" and "Creditor," stating that Eresian's purpose in filing this appeal is to delay, harass, and drive up expenses.